**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**COLUMBUS DIVISION**

| | |
|---|---|
| ANGELA PEREZ<br>c/o Hux Law Firm, LLC<br>3 Severance Circle #18147<br>Cleveland Heights, OH 44118<br><br>    Plaintiff,<br><br>    v.<br><br>BUCKEYE PIES, LLC DBA BLAZE PIZZA<br>c/o Registered Agents, Inc.<br>6545 Market Avenue N., Ste. 100<br>North Canton, OH 44721<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES AND**<br>**INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Angela Perez, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## **PARTIES**

1. Plaintiff Perez is a resident of the City of Columbus in Franklin County, Ohio.

2. Defendant Buckeye Pies, LLC dba Blaze Pizza ("Buckeye") is a domestic limited liability corporation of business at 7166 N. High Street, Worthington, OH 43085.

## **JURISDICTION AND VENUE**

3. Personal jurisdiction is proper over Defendants pursuant to 28 U.S.C § 1331 in that Perez is alleging a federal law claim arising under the Title VII of the Civil Rights Act of 1964 ("Title VII").

4. Venue is properly placed in the United States District Court for the Southern District of Ohio, Columbus Division, because it is the district court for the district, division, and county within which the Defendant operates and conducts business.

5. Prior to instituting this action, Perez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01122, alleging that Defendant and its agents retaliated against her by terminating her employment after she voiced her opposition against racism in the workplace.

6. Perez was mailed her Right to Sue Notice from the EEOC on or about November 3, 2020.

7. A true and accurate copy of Perez's Right to Sue Notice is attached as Exhibit 1.

8. Perez has properly exhausted her administrative remedies pursuant to 29 U.S.C. § 626(e).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims in this Complaint because they arise out of the same case or controversy.

## **FACTS**

11. Perez is a former employee of Buckeye.

12. Perez worked for either Buckeye or its predecessor, Blaze Midwest, since 2016.

13. At all times mentioned herein, Perez worked at 7166 N. High Street, Worthington, OH 43085 ("Blaze Worthington").

14. In 2017, Perez was promoted to Assistant manager at Blaze Midwest.

15. In 2018, Perez was promoted to General Manager at Blaze Midwest.

16. In or around May 2019, Buckeye purchased Blaze Worthington.

17. Perez remained General Manager after Buckeye purchased Blaze Worthington.

18. As General Manager, Perez's responsibilities included, but were not limited to, managing the store schedule, determining amount of labor needed, and managing, hiring, and training new team members.

19. Perez was the only minority General Manager for Buckeye.

20. Soon after Buckeye took over management, Perez became increasingly concerned about race discrimination in the hiring practices Buckeye wanted to implement.

21. In or around August 2019, Buckeye needed to hire an Assistant Manager to assist Perez at Blaze Worthington.

22. Perez recommended Tylene White, an African American woman, for the position of Assistant Manager.

23. White was qualified for the position of Assistant Manager.

24. The standard starting salary for an Assistant Manager at Buckeye was $38,000.

25. However, when White was hired, Katie Hansen, formerly known as Katie Sentry, refused to hire White at the standard starting salary.

26. Instead, White was paid a salary of $34,000 when she was hired.

27. Soon after White was hired, Mrs. Hansen told Perez that she needed to "hire more vanilla".

28. When Mrs. Hansen told Perez to "hire more vanilla" she was directing Perez to hire more white people.

29. Mrs. Hansen justified her initiative to "hire more vanilla" by saying that Blaze Worthington is in an upscale area.

30. Mrs. Hansen also told Perez to not "bring the ghetto in here."

31. By issuing her directive to not "bring the ghetto in here", Mrs. Hansen was directing Perez not to hire too many African Americans.

32. In or around September 2019, Perez hired Amena Fleshman, an African American woman, as a Shift Lead.

33. Fleshman had significant experience in similar positions prior to her hiring.

34. Typically, Shift Leads are paid $12/hr.

35. Another new Shift Lead was also paid $12/hr.

36. Based on the typical pay Shift Leads received and the rate of pay of the other new Shift Lead, Perez started Fleshman at $12/hr.

37. On or about September 29, 2019, Mrs. Hansen told Perez that Fleshman was making too much money.

38. Mrs. Hansen further instructed Perez to lower Fleshman's rate of pay to $10.50/hr.

39. Mrs. Hansen also threatened that if Perez did not "fix it" that she will take money from Perez's bonus.

40. At one point, Perez responded and said that "This sounds shady."

41. A true and accurate copy of the text messages detailing the conversation in paragraphs 38 and 39 is attached as Exhibit 2.

42. Perez refused to lower Fleshman's pay because of her belief that it was motivated by the fact that she was African American instead of the preferred "vanilla".

43. On or about September 30, 2019, Mrs. Hansen lowered Fleshman's rate of pay to $10.50/hr.

44. Instead of informing Fleshman of her decision to lower her rate of pay herself, Mrs. Hansen instructed Perez to.

4

45. Perez refused to inform Fleshman of Mrs. Hansen's decision to lower her pay because she believed the decision to lower her rate of pay was discriminatory.

46. Mrs. Hansen told Perez that either she had to tell Fleshman about the pay cut, or that Fleshman could continue to be employed at $12/hr but receive no hours.

47. Fleshman resigned after her rate of pay was lowered.

48. On or about November 15, 2019, two weeks after the discriminatory pay issues with Fleshman, Buckeye terminated Perez's employment.

49. Buckeye's reason for termination was that Perez was showing up to work late and leaving early.

50. Perez had not been disciplined for any attendance issue since becoming a General Manager.

51. Buckeye never disciplined Perez for any attendance issue.

52. Buckeye's reason for termination was pretextual and it cannot offer a nondiscriminatory reason for its actions.

53. Buckeye terminated Perez's employment because of her continued opposition to racially discriminatory hiring practices.

### COUNT I:  TITLE VII RETALIATORY DISCRIMINATION

54. Perez restates each and every prior paragraph of this complaint, as if it were fully restated herein.

55. Defendant is an "employer" as defined by Title VII.

56. Perez is an "employee" as defined by Title VII.

57. As a result of the Defendant's discriminatory conduct described above, Perez complained about and voiced her opposition to racially discriminatory hiring practices.

58. Racially discriminatory hiring practices are prohibited, unlawful discriminatory conduct under Title VII.

59. Defendant terminated Perez's employment in response to her complaints about and opposition to unlawful discriminatory conduct.

60. Defendant's termination of Perez was retaliatory in nature based on Perez's opposition to the unlawful discriminatory conduct.

61. Thus, Defendant's actions violated 42 U.S.C § 2000e-3(a).

62. As a direct and proximate cause of Defendant's retaliatory discrimination against and termination of Perez, she suffered and will continue to suffer damages.

## COUNT II:  O.R.C. §4112.02 (I) RETALIATORY DISCRIMINATION

63. Perez restates each and every prior paragraph of this complaint, as if it were fully restated herein.

64. Defendant is an "employer" as defined by O.R.C. §4112.01.

65. Perez is an "employee" as defined by O.R.C. §4112.01.

66. As a result of the Defendant's discriminatory conduct described above, Perez complained about and voiced her opposition to racially discriminatory hiring practices.

67. Racially discriminatory hiring practices are prohibited, unlawful discriminatory conduct under O.R.C. §4112.02, *et al*.

68. Defendant terminated Perez's employment in response to her complaints about and opposition to unlawful discriminatory conduct.

69. Defendant's termination of Perez was retaliatory in nature based on Perez's opposition to the unlawful discriminatory conduct.

70. Thus, Defendant's actions violated O.R.C §4112.02(I) prohibiting retaliation against individuals for opposing unlawful discriminatory conduct.

71. As a direct and proximate cause of Defendant's retaliatory discrimination against and termination of Perez, she suffered and will continue to suffer damages.

**DEMAND FOR RELIEF**

WHEREFORE, Perez demands from Defendant the following:

(a) Issue a permanent injunction:

   (i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

   (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

   (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to expunge Perez's personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Perez for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $75,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $75,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Perez claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

       Respectfully submitted,

       _____
       James J. Hux (0092992)
       **HUX LAW FIRM, LLC**
       3 Severance Circle #18147
       Cleveland Heights, Ohio 44118
       Phone: (937) 315-1106
       Fax:   (216) 359-7760
       Email: jhux@huxlawfirm.com

       *Attorney for Plaintiff Angela Perez*

## **JURY DEMAND**

Plaintiff Angela Perez demands a trial by jury by the maximum number of jurors permitted.

                                                                                                            _____
                                                                                                            James J. Hux (0092992)