**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANGELA PEREZ,**

    **Plaintiff,**

    v.

**BUCKEYE PIES, LLC
d/b/a BLAZE PIZZA,**

    **Defendant.**

                                                    **Civil Action 2:20-cv-6083
Magistrate Judge Elizabeth P. Deavers**

## AMENDED ORDER SETTING TRIAL DATE

This matter is before the Court for consideration of the Joint Motion to Reschedule Settlement Conference, Final Pre-Trial, and Trial. (ECF No. 25.) For good cause shown, the Motion is **GRANTED**. The Court's Order Setting Trial Date, ECF No. 23, is hereby **AMENDED** as follows:

This case is set for a trial to a jury on **AUGUST 29, 2022 at 9:00 A.M.** In preparation for trial, the Court sets forth the following schedule and a statement of pretrial and trial procedures. Failure to comply with the deadlines and procedures set forth in this Order may result in the imposition of sanctions. Fed. R. Civ. P. 16(f).

**Summary of Schedule**:

| | |
|---|---|
| **JULY 18, 2022** | Confidential assessment letter submitted to the Court for settlement conference. |
| **JULY 25, 2022 AT 10:00 A.M.** | Serve proposed jury instructions upon opposing counsel. Settlement conference. |
| **AUGUST 1, 2022** | Pretrial motions, including motions in limine; joint jury instructions and supplemental jury instructions; designations of deposition excerpts; statement of witnesses; stipulations; and exhibit lists. |

1

| | |
|---|---|
| **AUGUST 8, 2022** | Memoranda in opposition to pretrial motions; objections to supplemental jury instructions and deposition designations; and proposed joint final pretrial order. |
| **AUGUST 15, 2022 AT 10:00 A.M.** | Final pretrial conference. |
| **AUGUST 22, 2022** | Distribute exhibit list and copies of all exhibits. |
| **AUGUST 29, 2022 AT 9:00 A.M.** | Trial. |

I.  **Settlement Conference**

This case is set for a settlement conference on **JULY 25, 2022** at **10:00 A.M.** under Federal Rule of Civil Procedure 16(a)(5) and (c)(2) before The Honorable Elizabeth A. Preston Deavers, United States District Court, 85 Marconi Boulevard, Room 225, Columbus, Ohio 43215.

Counsel and the parties shall adhere to the following with respect to the settlement conference:

(1) The trial attorney for each party must attend the conference.

(2) The parties or principals with settlement authority shall be present. Fed. R. Civ. P. 16(c). In rare instances, the Court may permit a party to be available by telephone.

(3) No later than **fourteen (14) days** before the conference, each plaintiff must submit to counsel for all opposing parties a fully documented, written settlement demand; and

(4) No later than **ten (10) days** before the conference, each opposing party must respond, in writing, to each settlement demand fully documenting that party's position.

(5)  No later than **seven (7) days** before the conference, each party shall submit directly and only to Chambers a letter (**Confidential Assessment**), not to exceed three pages, (a) explaining the party's theory of the case, (b) indicating its position on settlement (in monetary terms, if applicable), and (c) setting forth all conditions necessary to achieve settlement (including non-monetary terms). Confidential Assessments can be faxed to (614)719-3465 or emailed to Deavers_Chambers@ohsd.uscourts.gov.

## II. Pretrial Motions, Including Motions in Limine

The parties shall file any pretrial motions, including motions in limine and any objections under Federal Rule of Civil Procedure 26(a)(3), on or before **AUGUST 1, 2022.**  The memoranda in opposition any pretrial motions shall be filed on or before **AUGUST 8, 2022.**

A party moving in limine shall submit only one motion in limine, presenting all of its pretrial evidentiary objections in that single document.  Similarly, a party opposing a motion in limine shall submit only one memorandum.  The Court will not accept reply briefs for motions in limine.

## III. Joint Jury Instructions and Supplemental Instructions

The Court will prepare preliminary and general jury instructions.  The parties shall submit jointly one complete set of **case-specific**, agreed-upon proposed final jury instructions.  To this end, the parties shall serve their proposed instructions on each other on or before **JULY 25, 2022.**  Counsel shall then meet, confer, and submit one complete set of agreed-upon instructions on or before **AUGUST 1, 2022.**  Fed. R. Civ. P. 51.  If the parties are unable to agree upon how the jury should be instructed as to any issue, they shall each submit their proposed instructions on any such issue(s).  Counsel may submit supplemental requests for instructions during the trial, or at the conclusion of the evidence, on matters that cannot be reasonably anticipated.

## IV. Designation of Deposition Excerpts

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), the parties shall submit to the Court, and serve on opposing counsel, the designations of any portions of depositions they intend to offer as evidence at trial on or before **AUGUST 1, 2022.**  Failure to make a designation, except upon a showing of good cause, will preclude the use of the undesignated portion of a


deposition at trial. The designation of deposition excerpts shall comport with all of the requirements of Rule 26(a)(3)(B).

Counsel shall confer in advance of trial to attempt to resolve any objections. If any objections remain, counsel shall jointly prepare a list of objections identifying the page number(s) and line(s) of the deposition(s) giving rise to the objections and stating in one sentence the grounds for the objection. This procedure applies to both written and video depositions. Thus, video depositions must be accompanied by a full or partial transcript. The jointly prepared list of objections and grounds for the same shall be filed on or before **AUGUST 8, 2022.**

**V.    Statement of Witness(es)**

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), on or before **AUGUST 1, 2022**, the parties shall submit to the Court, and serve on opposing counsel, the names, addresses and occupations of all witness(es) they intend to call at trial. The statement shall include a brief, two to three paragraph narrative summary of the witness' testimony, the purpose of that testimony, and the major issue(s) about which the witness will testify. The Court may require a party to re-file a statement of witness(es) if the party fails adequately to describe a witness(') testimony in the summary. A party's failure to list a witness, except upon a showing of good cause, will preclude that party's use of that witness at trial.

**VI.    Stipulations**

Counsel for the parties shall confer and reduce to writing all stipulations. The parties shall file any stipulations on or before **AUGUST 1, 2022.**

**VII.    Exhibit Lists, Exhibits, and Demonstrative Exhibits**

The exhibit lists shall comport with all of the requirements of Rule 26(a)(3)(C). The

parties shall mark their documentary or physical evidence alphabetically in advance of trial. Plaintiff's exhibits shall bear the letter prefix P ("P-A"). Defendant's shall bear the letter prefix D ("D-A"). Agreed upon documents shall be marked as Joint Exhibits and shall bear the prefix JE ("JE-A"). Third party exhibits shall bear the prefix TP ("TP-A"). In cases involving multiple parties (*e.g.*, two or more plaintiffs or defendants), the parties shall confer with the Court at the final pretrial conference regarding the designation of prefixes. Pursuant to Rule 26(a)(3)(C), each party shall exchange and file a list containing a brief description of each item of documentary or physical proof the party intends to offer in evidence as an exhibit at trial on or before **AUGUST 1, 2022.**

Counsel shall provide a list of all exhibits and copies of all exhibits to the Court, the courtroom deputy, the law clerk, and opposing counsel on or before **AUGUST 22, 2022.** Demonstrative evidence, such as sketches, models, and/or diagrams, that counsel intends to use during trial must also be shown to opposing counsel at least one week prior to trial. Objections to any demonstrative evidence must be submitted to the Court prior to the commencement of trial. Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of arguments.

Counsel may only approach the witness to tender an exhibit after obtaining permission of the Court. In formulating a question to a witness that involves an exhibit, counsel shall specify the exhibit designation. Counsel shall tender exhibits produced for the first time during trial (as in the case of exhibits used for impeachment) first to the courtroom deputy for marking and then show the exhibits to opposing counsel. Once exhibits are admitted, they shall be given to and retained by the courtroom deputy. Until admitted, the exhibits are the responsibility of the party

offering them.

Counsel must notify the Court at the final pretrial conference if it intends to handle exhibits electronically. Counsel must supply his/her own easel, flip charts, etc. for trial.

### VIII. Proposed Joint Final Pretrial Order

The Court has a Final Pretrial Order (Required Form) which may be downloaded from the Court's website at **https://www.ohsd.uscourts.gov/FPPreston**. The parties must jointly prepare and file a proposed joint final pretrial order following the Form's format on or before **AUGUST 8, 2022.**

### IX. Final Pretrial Conference

Trial counsel for the parties, together with their client(s) or a representative with full authority to discuss all aspects of the case including pleading, scheduling, and settlement, shall be present at **AUGUST 15, 2022 at 10:00 A.M.** for the Final Pretrial Conference before The Honorable Elizabeth A. Preston Deavers, United States District Court, 85 Marconi Boulevard, Room 208, Columbus, Ohio 43215.

### X. Trial

#### A. Continuances

The Court will not continue the trial date except upon written motion supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of the notice of the existence of such circumstances.

#### B. Counsel Tables

The parties will occupy the counsel table chosen or agreed to before the opening of the first session of the trial. The parties and all counsel will remain at counsel tables until after the jury leaves the courtroom at the end of all sessions. The parties and counsel will stand upon the

entrance and exit of the jury.

**C.     Appearances**

Counsel will enter their appearances with the Court Reporter and the Courtroom Deputy before the start of the opening session of the trial.  Any attorney not present at the final pretrial conference may not participate at trial.

**D.     Court Sessions**

Trials will be held Monday through Friday of each week.  Morning session begins at 9:00 a.m. and will recess at approximately 10:30 for fifteen minutes.  Noon recess will be at approximately 12:00 p.m.  Afternoon session begins at 1:30 p.m. and will recess at approximately 3:15 p.m. for fifteen minutes.  Court will adjourn at approximately 5:00 p.m.

**E.     Addressing the Court and Jury**

Counsel will address the Court and the jury in the following manner:

- Voir dire examination, opening statements and closing arguments will be conducted from the lectern facing the jury;
- All addresses to the Court will be made from the lectern facing the court; and
- Counsel shall stand when addressing the Court for any other reason.

**F.     Jury**

The Court will seat a jury of **TWELVE** (**12)** members.  All jurors shall participate in the verdict unless excused for good cause under Rule 47(c).  Fed. R. Civ. P. 48(a).  Unless the parties otherwise stipulate, the verdict must be unanimous.  Fed. R. Civ. P. 48(b).  The Court will not take a verdict from a jury reduced in size to fewer than six members.  *Id.*

### **Voir Dire**

Jury selection will take place on **AUGUST 29, 2022.**

Each prospective juror is assigned a number by the Clerk's Office. Counsel will be provided with a list of the jurors' names and numbers prior to the commencement of trial. The prospective jurors will be seated in numerical order, with ten prospective jurors seated in the jury box and the remaining prospective jurors seated in the gallery.

The Court will conduct a comprehensive, case-specific voir dire. Counsel may supplement the Court's examination, but they may not repeat the same question already asked. Counsel must address their questions to the whole panel and may only address an individual juror if that juror's answer to a question justifies further inquiry. In questioning an individual juror, counsel shall refer to that juror by number only.

Counsel will not be permitted to question jurors individually regarding their background information. This information is contained in juror questionnaire forms which are on file in the Clerk's Office. Counsel should examine these questionnaires prior to the commencement of voir dire. Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiable elicited by information contained in the juror questionnaire.

### **Challenges for Cause and Peremptory Challenges**

The entire venire will be examined before the Court will entertain challenges for cause or peremptory challenges. At the close of examination, the Court will meet with the parties outside the presence of the venire to entertain challenges.

The Court will entertain challenges for cause first. Counsel shall present challenges for cause for the entire panel. Once the Court has ruled on all challenges for cause, the Court will

entertain peremptory challenges. Each party is entitled to three peremptory challenges. The parties will exercise their peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes," that challenge will be counted as used. Peremptory challenges will be directed to the entire panel. Counsel shall refer to a prospective juror by name and number.

### G. Examination of the Witnesses

Counsel shall conduct their examination from the lectern and may only approach the witness to tender an exhibit after obtaining permission of the Court. Upon completion of a witness examination, counsel shall advise the Court. The Court will then advise opposing counsel to proceed. During the examination of a witness, counsel must first obtain permission of the Court if he or she wishes to confer with co-counsel.

### H. Objections/Sidebar Conferences

Counsel shall stand when making an objection and will make the objection directly and only to the Court. When objecting, counsel shall state only that they are objecting, stating the grounds for the objection only if requested by the Court. Put another way, objections shall not be used to make speeches, repeat testimony, guide a witness, or influence the jury. The Court will not entertain argument upon an objection unless requested by the Court. Counsel may, however, request a bench conference.

**IT IS SO ORDERED.**

**Date: May 5, 2022**              /s/ *Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**